```
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF FLORIDA

                                CASE NO. 08-21441-CIV-SEITZ
                                MAGISTRATE JUDGE P.A. WHITE

JOSE RAFAEL ENRIQUE,            :

        Petitioner,             :
                                        REPORT OF MAGISTRATE
v.                              :              JUDGE

DEPARTMENT OF CHILDREN &
FAMILY SERVICES et al.,         :

        Respondent.             :
```

The pro-se petitioner filed a memorandum of law (DE#24) and declaration in support (DE#25) of a motion for a temporary restraining order and preliminary injunction in this habeas corpus case.[1] The petitioner raises claims related to his civil commitment trial, and essentially alleges that his continued incarceration pursuant to the Jimmy Ryce Act is unconstitutional. The petitioner claims in the second part of his memorandum in support of a motion for a temporary restraining order ( memo p.9) that he was injured while being transported by Miami-Dade County on July 25, 2008, and then denied adequate medical care during August of 2008, resulting in back injury and pain.

---

[1] No motion for a TRO has been filed.

Review of the memorandum of law reveals that the claims of the unconstitutionality of his involuntary civil commitment as a sexually violent predator pursuant to the Jimmy Ryce Act are a part of his petition for writ of habeas corpus and will be reviewed with the petition. His claims related to his transport by Miami-Dade County, and subsequent injury and denial of medical treatment are unrelated to his petition.

This type of relief is an extraordinary remedy. The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. Such relief is an extraordinary remedy. See <u>California v. American Stores Company, et al.</u>, 492 U.S. 1301 (1989); <u>Johnson v. U.S. Dept. of Agriculture</u>, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted. The memorandum does not state a prima facie case for preliminary injunctive relief pursuant to <u>Johnson v. United States Department of Agriculture</u>, <u>Id.</u>

It is therefore recommended as follows (DE#24 and 25):

1.  All claims related to the petitioner's involuntary civil commitment will be reviewed upon final review of this case.

2.  All claims related to the petitioner's injury and medical treatment be dismissed without prejudice.

The petitioner may file a separate civil rights complaint pursuant to 42 U.S.C. §1983, raising these claims against specific defendants responsible for his injuries and lack of medical treatment.

Dated this 22st day of August, 2008.

UNITED STATES MAGISTRATE JUDGE

cc:   Frank Rafael Enrique, <u>Pro Se</u>
      #990088
      Florida Civil Commitment Center
      Address of Record

      Timothy Thomas, Esq
      Asst Attorney General
      Miami Office
      Address of Record