UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-21441-CIV-SEITZ/WHITE

JOSE RAFAEL ENRIQUE,

          Plaintiff,

v.

DEPARTMENT OF CHILDREN AND
FAMILY SERVICES, et al.,

          Defendants.
_____/

## ORDER ADOPTING AND AFFIRMING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon the Report and Recommendation [DE-27] of Magistrate Judge White. Magistrate Judge White recommends dismissing Petitioner's claims for personal injury and medical treatment without prejudice, and denying Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunctive relief [DE-24, 25]. Petitioner filed no objections thereto. Having said that, the Court has carefully reviewed Magistrate Judge White's Report and Recommendation, the record and pertinent legal authorities, and fully agrees with the Magistrate Judge's well-reasoned analysis.

In his Motion, Petitioner challenges the constitutionality of his involuntary civil commitment pursuant to the Jimmy Ryce Act, codified at Fla.Stat. § 394.910 et seq.[1] As noted by Magistrate Judge White, these allegations are properly addressed upon final adjudication of Petitioner's amended petition for writ of habeas corpus. On the other hand, Petitioner's remaining claims, and more specifically, those injuries allegedly arising from inadequate care and treatment, must be brought in a separate action under 42 U.S.C. § 1983. Finally, Petitioner has failed to satisfy the elements for a temporary restraining order and/or preliminary injunctive relief, as he has failed, at a minimum, to demonstrate a substantial likelihood of success on the merits.[2] *See Rodriguez v. Florida Dept. of Corrections*, 2008 WL 2949528, * at 2 (S.D. Fla. 2008) ("Such relief is an extraordinary

---

[1] This matter was transferred to the undersigned from the Middle District of Florida on May 19, 2008 [DE-1].

[2] Thus, a party seeking a temporary restraining order must establish that: (1) there is a substantial likelihood that the moving party will prevail on the merits; (2) the moving party will suffer irreparable injury if the temporary restraining order is not granted; (3) the threatened injury to the moving party outweighs the threatened harm the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *See Johnson v. U.S. Dept. of Agriculture*, 734 F.2d 774, 781 (11th Cir.1984).

remedy.") (citing *California v. American Stores Company, et al.*, 492 U.S. 1301 (1989). Accordingly, based on the legal analysis set forth in the Report and Recommendation, and given the absence of objections thereto, it is hereby

ORDERED THAT

(1) Magistrate Judge White's Report and Recommendation [DE-27] is ADOPTED and AFFIRMED;

(2) Petitioner's Motion for Temporary Restraining Order and/or Injunctive Relief [DE-24, 25] is DENIED;

(3) All claims related to Petitioner's injuries allegedly arising from inadequate care and treatment are DISMISSED WITHOUT PREJUDICE.

ORDERED in Miami, Florida, this 3rd day of ~~October~~ November, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT COURT

cc:
Magistrate Judge White
Counsel of Record